The PEOPLE of the State of
Colorado, Complainant,

v.

Ronald J. HINDMAN, Attorney–
Respondent.

No. 98SA32.

Supreme Court of Colorado,
En Banc.

April 27, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case defaulted before the supreme court grievance committee and has not appeared in this court. A hearing panel of the grievance committee approved the findings and recommendation of a hearing board that the respondent be disbarred. We accept the recommendation and order that the respondent be disbarred.

## I.

The respondent was admitted to practice law in Colorado in 1982. Because he did not answer the complaint filed in this case, a default was entered against him. The allegations of fact contained in the complaint were therefore deemed admitted. C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

In 1989, the Colorado Recreational Vehicle Association (CRVA) hired the respondent to handle legal and administrative matters for a flat fee. He retained the corporate records, including financial and membership records, as well as the corporate checkbook. Because he did not have authority to sign CRVA checks, the corporate officers would sign blank checks so the respondent could pay the bills, including his own fee.

In 1995, a new president of CRVA was elected. The new president asked the respondent to return the CRVA checkbook, but the respondent did not return it. The corporate board discovered that the respondent had been very slow in paying CRVA bills and that the corporation had in fact been suspended as a non-profit organization because he had failed to file the appropriate documents with the secretary of state's office. The board therefore fired the respondent in 1996 and asked him to return all corporate items in his possession. The respondent failed to return the board's phone calls and did not deliver any of the corporate items. After being discharged, the respondent used a pre-signed CRVA check to pay himself $3,275 on December 12, 1996. He had no such authority from his client. The hearing board found that the respondent misappropriated the $3,275 and other CRVA property for his own personal or business use. He has failed to communicate with his client despite attempts by certified mail and by phone. He has also avoided attempts at service of process by a process server.

The board concluded that the respondent neglected a legal matter and failed to keep his client informed as to its status as a corporation; he misappropriated $3,275 in client funds as well as other corporate property; and he abandoned his client by not returning records and equipment belonging to CRVA after being asked to do so. The respondent therefore violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to communicate with a client); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). His attempts to avoid service of process violated Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). Finally, by failing to cooperate in the investigation of this disciplinary matter, the respondent violated C.R.C.P. 241.6(7).

## II.

The hearing panel approved the board's recommendation that the respondent be disbarred and be required to make restitution prior to readmission. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally appropriate when: "(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client." ABA *Standards* 4.41. Moreover, ABA *Standards* 4.11 provides that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *See, e.g., People v. Roybal*, 949 P.2d 993, 997–98 (Colo.1997) (lawyer disbarred after effectively abandoning client and misappropriating unearned attorney fees; citing similar cases in which disbarment was found appropriate).

·The hearing board found that the following aggravating factors were present in this case: the respondent had a dishonest or selfish motive, *see id.* at 9.22(b); he engaged in multiple offenses, *see id.* at 9.22(d); he has refused to acknowledge the wrongful nature of his conduct, *see id.* at 9.22(g); the respondent has substantial experience in the practice of law, *see id.* at 9.22(i); and he is apparently indifferent to making restitution, *see id.* at 9.22(j). The only mitigating factor is that he has not been disciplined before. *See id.* at 9.32(a). This factor by itself does not convince us that anything but disbarment is warranted. Accordingly, we accept the hearing panel's and hearing board's findings and recommendations.

## III.

It is hereby ordered that Ronald J. Hindman be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is further ordered that prior to readmission, and as a condition for readmission, Hindman must demonstrate that he has made restitution to CRVA in the amount of $3,275 plus statutory interest from December 12, 1996, until paid. It is further ordered that Hindman pay the cost of this proceeding in the amount of $131.11 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.